October 13, 2026

Christin M. Brown
914.872.7158 (Direct)
Christin.Brown@wilsonelser.com

**VIA ECF**

Hon. Arun Subramanian
United States District Judge United States District Court
for the Southern District of New York
500 Pearl Street New York, New York 10007

**Re: *Alberto Vargas Vasquez v. Kevin Nodding, et al.*, Case No. 1:26-cv-08770-AS**

Dear Judge Subramanian:

We represent Defendants Kevin Nodding and Coach Atlantic Transportation Group Inc. (together, "Defendants") in the above-referenced matter. We write in response to the Court's Mediation Referral Order for Personal Injury Cases, entered October 7, 2026 (the "Order"). The Order refers this case to mediation within ninety days, directs that any defense IME take place within forty-five days, and directs the parties to exchange the protocol discovery within sixty days. The Order also invites any party that believes good cause exists to adjourn mediation to raise the issue promptly with the Court. Respectfully request an adjournment and extension of those deadlines due to the early stages of the litigation of this matter.

Defendants are interested in mediation and want to take part in a meaningful early resolution process. For mediation to be productive, however, Defendants need to evaluate Plaintiff's claimed injuries with a complete medical record and an IME. Plaintiff alleges significant injuries, including a fracture and dislocation of the left elbow and upper arm that required surgery, lacerations to the ear and face, injuries to the thoracic spine, a traumatic brain injury, and ongoing post-concussive symptoms. These claims involve several body systems and both orthopedic and neurological specialties. A meaningful IME, especially of the claimed traumatic brain injury and post-concussive condition, depends on the examining physician reviewing Plaintiff's treatment history before the exam, including any prior injuries or conditions. If the IME goes forward without those records, the examination would be incomplete and of little use to the parties or the mediator.

Defendants have been diligent in their efforts to collect the medical records. After receiving HIPAA-compliant authorizations, our office promptly served them on Plaintiff's identified medical providers and has followed up with each facility regularly. So far, only a small portion of the requested records have been received, and our requests to the remaining providers are still outstanding. Moreover, Plaintiff has not produced his medical records in response to Defendants' discovery demands. Defendants sent Plaintiff's counsel a letter of good faith last week, again demanding those records and have not yet received a response. The Order also requires Plaintiff to produce all medical reports and records in his possession relating to the claimed injuries. Until those records are produced, Defendants cannot fully evaluate Plaintiff's claimed damages.

For these reasons, Defendants respectfully submit that good cause exists to extend the deadline for completion of IMEs for Plaintiff and extending the mediation deadline accordingly.

We thank the Court for its time and consideration.

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

Christin Brown, esq.

*Attorneys for Defendants*
*Kevin Nodding and Coach Atlantic Transportation Group Inc.*

cc: All counsel of record (via ECF)

Plaintiff is ORDERED to produce all medical reports and records in his possession relating to the injuries at issue in this matter by **October 26, 2026**. Plaintiff is further ORDERED to respond to defendants' letter by **October 16, 2026** and confer in good faith regarding his production of medical records.

Defendants' motion to extend the deadline for completion of IMEs and for mediation is DENIED without prejudice. Defendants may request an extension if they believe further delays have jeopardized their ability to conduct an IME by November 21, 2026.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 7.

SO ORDERED.

Arun Subramanian, U.S.D.J.

Date: October 14, 2026

333910379v.1
333910379v.1
333910379v.1